Electronically Filed
Intermediate Court of Appeals
30543
21-SEP-2011
08:57 AM

NO. 30543

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TIMOTHY BUECHLER, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 09-1-0174)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Timothy Buechler (Buechler) appeals from the Judgment of Conviction and Sentence filed on April 27, 2010 in the Circuit Court of the Fifth Circuit[1] (circuit court). On February 2, 2010, a jury found Buechler guilty of Forgery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-852 (Supp. 2010),[2] and Attempted Theft in the Second

_____

[1] The Honorable Kathleen N.A. Watanabe presided.

[2] HRS § 708-852 provides in relevant part:

§708-852 **Forgery in the second degree.** (1) A person commits the offense of forgery in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.

Degree, in violation of HRS §§ 705-500 (1993)[3] and 708-831(1)(b) (Supp. 2010).[4]

On appeal, Buechler contends he was denied the right to effective assistance of trial counsel because counsel failed to object to irrelevant testimony evidence of the break-in, the probative value of which, even if relevant, was substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, and testimony regarding a check

_____

[3] HRS § 705-500 provides:

§705-500 **Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:

    (a)    Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

    (b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[4] HRS § 708-852(1)(b) provides:

§708-831 **Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits theft:

    . . . .

    (b)    Of property or services the value of which exceeds $300[.]

HRS § 708-830 (Supp. 2010) provides in relevant part:

§708-830 **Theft.** A person commits theft if the person does any of the following:

    (1)    Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.

2

(first check), other than the subject check, that was improper character evidence of Buechler and should have been excluded.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Buechler's appeal is without merit.

Buechler does not establish ineffective assistance of counsel because he does not demonstrate specific errors or omissions by trial counsel reflecting counsel's lack of skill, judgment, or diligence. Buechler has

> the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks, citations, and footnote omitted).

Buechler first argues that the testimony regarding the break-in was not relevant and should have been objected to and excluded because the "fact of the break-in would not tend to make more probable any fact relating to the elements of the charges of Forgery in the Second Degree and of Theft in the Second Degree." Buechler further argues that even if relevant, "the probative value of testimony evidence of the break-in was substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury."

HRE Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence." The testimony evidence given by Donn (Donn) and Gayle (Gayle) Carswell was relevant because it established (1) how Donn and Gayle lost possession of the subject check, (2) that the subject check was blank when they lost possession of it, (3) neither Donn nor Gayle wrote the subject check to Buechler or authorized him to possess that check, and (4) that Donn and Gayle had never met Buechler and Buechler had never done any work for them. "Failing to object to *admissible* evidence cannot be considered an error or omission. Moreover, because the evidence was admissible, the failure to object did not deprive [defendant] of a potentially meritorious defense." State v. Richie, 88 Hawai'i 19, 40, 960 P.2d 1227, 1248 (1998).

Next, Buechler contends his trial counsel should have objected to the Prosecutor's questioning him concerning the first check, not the subject check, and his testimony regarding the first check should have been excluded under HRE Rule 404(a)(1) and (b). Buechler testified on direct examination that he had received the subject check as payment from "Don" and on cross-examination that the subject check was the second check he had received from "Don" and he had been previously paid by the first check for work he had performed for "Don." Therefore, it was proper for the Prosecutor to question Buechler concerning how "Don" had paid Buechler, including the first check Donn had written to Buechler. Buechler does not establish "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense," and therefore, Buechler's claim of ineffective assistance of counsel is without merit. Wakisaka, 102 Hawai'i at 513-14, 78 P.3d at 326-27.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on April 27, 2010 in the Circuit Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 21, 2011.

On the briefs:

Charles A. Foster
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge